UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANITA ANDREWS,

    Plaintiff,

v.                                Case No:   2:16-cv-814-FtM-99MRM

MIKE SCOTT, DEPUTY BRANDON
MARSHALL, SERGEANT ROBERT
KIZZIRE, DEPUTIES JOHN AND MARY
DOES, JANE AND JOHN DOES and
CORIZON HEALTH, INC.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

Pending before the Court is Plaintiff-Appellee's Corrected Application for Statutory Attorney Fees filed on July 26, 2018.  (Doc. 86).  Plaintiff-Appellee Anita Andrews seeks attorney's fees pursuant to 42 U.S.C. § 1988 and 11th Cir. R. 39-2.  (*Id.* at 1).  Defendants-Appellants filed an Objection to Application for Attorney Fees opposing the Application on July 26, 2018.  (Doc. 87).  This matter is ripe for review.  For the reasons explained below, the Undersigned respectfully recommends that Plaintiff's Motion be **DENIED**.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

I. **Background**

Plaintiff originally filed a Complaint on November 4, 2016, alleging a violation of 42 U.S.C. § 1983. (Doc. 1 at 1-2). Plaintiff subsequently amended the complaint multiple times: She filed the first Amended Complaint on October 5, 2017, (Doc. 61), the Second Amended Complaint on October 6, 2017, (Doc. 62), and two corrected Amended Complaints on October 6, 2017 (Docs. 63, 64). In the operative Complaint, Plaintiff alleged a total of sixteen counts against five Defendants. (Doc. 64 at 18-44). Among those named as Defendants are Deputy Brandon Marshall and Sergeant Robert Kizzire ("Defendants"). (*Id.* at 5). Plaintiff named Marshall in Counts I, VI, and X, (*id.* at 18, 26, 31), and named Kizzire in counts II, IV, VII, IX, and XII, (*id.* at 20, 25, 27, 30, 35). Plaintiff alleges that these Defendants violently and falsely arrested and detained her for the express purpose of "teaching her a lesson." (*Id.* at 35).[2]

Defendants filed a Motion to Dismiss on February 28, 2017, asserting the existence of probable cause, qualified immunity, failure to state a claim, and lack of excessive force. (Doc. 15 at 7, 11, 13, 15, 18-19). Plaintiff filed a Response in Opposition on April 7, 2017, (Doc. 36), and Defendants filed a Reply to Plaintiff's Response on April 12, 2017, (Doc. 43). The Court denied the Motion to Dismiss on September 1, 2017, finding that when considering the well-pled allegations in Plaintiff's Complaint, the Court could not determine as a matter of law that Defendants were entitled to qualified immunity and that Plaintiff had sufficiently pled each element of the claims. (Doc. 53 at 11-15).

---

[2] Because this Motion for Attorney's Fees relates only to Defendants Marshall and Kizzire, only those defendants and counts relevant to the Motion are discussed. Furthermore, the nature of the arguments raised in the subject Motion do not require a detailed summary of the facts underlying this action.

2

Defendants thereafter filed a Notice of Appeal as to the Order denying their Motion to Dismiss. (Doc. 57).[3] On April 5, 2018, the Eleventh Circuit affirmed the District Court's decision to deny the Motion to Dismiss. (Doc. 70 at 2). The Eleventh Circuit reiterated that at the Rule 12(b)(6) stage, the Court is to "accept all well-pleaded factual allegations as true and construe the facts in the light most favorable to the plaintiff." (*Id.* at 7 (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003))).

In accordance with that standard, the Eleventh Circuit held that the District Court properly denied the Motion to Dismiss, concluding that at the Rule 12(b)(6) stage, Defendants are not entitled to qualified immunity. (*Id.* at 16-17). Specifically, the Eleventh Circuit found that Plaintiff sufficiently pled the requisite elements of each claim with facts that, if true, would prove that Defendants did not even have arguable probable cause as required to rely on a qualified immunity defense. (*Id.* at 11). The Eleventh Circuit therefore affirmed the denial of Defendants' Motion to Dismiss. (*Id.* at 12). The Eleventh Circuit noted, however, that because the case was only at the Rule 12(b)(6) stage, evidence could emerge that would allow Defendants to rely on qualified immunity at trial or negate an element of a claim. (*See id.* at 11-12, 14, 16).

Having received this favorable decision on appeal, Plaintiff now seeks statutory attorney's fees incurred during the appeal. (Doc. 86 at 1). The Undersigned considers the parties' arguments below.

## II.  Legal Standard

As previously noted, Plaintiff brought this suit under 42 U.S.C. § 1983 and seeks fees pursuant to 42 U.S.C. § 1988. Section 1988(b) provides that "[i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its

---

[3] Only the issue of qualified immunity was raised on appeal. (Doc. 57 at 1).

3

discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." By the statute's terms, courts may award attorney's fees to a party only if it has "'prevailed' within the meaning of § 1988." *Hanrahan v. Hampton*, 446 U.S. 754, 755-56 (1980).

To be a prevailing party, a party need not necessarily obtain a favorable final judgment following a full trial on the merits because the party may have "prevailed when they vindicate rights through a consent judgment or without formally obtaining relief." *Id.* at 756-57. The party must, however, have "established his entitlement to some relief on the merits of his claims, either in the trial court or on appeal." *Id.* at 757. Accordingly, interim award of attorney's fees should be awarded "only when a party has prevailed on the merits of at least some of his claims." *Id.* at 758.

**III. Analysis**

In seeking attorney's fees, Plaintiff argues that because she won the appeal, she is the prevailing party. (Doc. 86 at 2). In support, Plaintiff contends that the Eleventh Circuit "held that if the facts pled are proven, [Plaintiff] will prevail." (*Id.*). Additionally, Plaintiff asserts that a positive outcome in her favor will be a "great benefit to the public," a factor courts may consider in awarding attorney's fees. (*Id.* at 3). In sum, Plaintiff appears to argue that because the appeal involved rights and claims under 42 U.S.C. § 1983, because she won the appeal, and because she timely filed her application for fees, she is the prevailing party and therefore entitled to attorney's fees. (*See id.* at 2).

In response, Defendants argue that Plaintiff's "argument is flawed because she is not yet a prevailing party as that term is defined." (Doc. 87 at 2). Specifically, Defendants contend that to qualify as a prevailing party under 42 U.S.C. § 1988, the party "must have 'prevailed *on the*

*merits* of at least some of [her] claims.'" (*Id.* (alteration in original) (quoting *Hanrahan*, 446 U.S. at 758)). Defendants argue that the appeal did not vindicate Plaintiff's constitutional rights but simply found that Defendants "were not entitled to qualified immunity at this early stage." (*Id.* at 4). As a result, Defendants allege that the appeal merely "secured the right to litigate this case on the merits against the Officers" while leaving the substance of the claims unaddressed. (*Id.* at 5). Defendants thus contend that the appeal does not raise Plaintiff to prevailing party status. (*Id.* at 4). In sum, Defendants assert that "an interlocutory appeal in this context merely maintains the status quo and does not confer prevailing party status." (*Id.* at 5). Accordingly, Defendants argue that Plaintiff is not entitled to attorney's fees. (*Id.*).

The Undersigned concludes that Plaintiff's Motion should be denied because she has yet to establish any "entitlement to some relief on the merits of [her] claims." *Hanrahan*, 446 U.S. at 757. Indeed, in its opinion, the Eleventh Circuit reiterated that it decided the case based upon the Rule 12(b)(6) standard and that evidence may emerge during the course of discovery that could affect a ruling on the substance of the claims. (*See* Doc. 70 at 11, 14). Accordingly, the Eleventh Circuit made no ruling on the merits of the claims. (*See id.*).

This case is similar to cases in which courts have held that despite winning a favorable judgment in an interlocutory appeal, the party was not a prevailing party in terms of 42 U.S.C. § 1988. In *Hanrahan v. Hampton*, the Seventh Circuit awarded attorney's fees to the plaintiffs holding that the plaintiffs "had prevailed with respect to the appeal in this case" because the Court reversed the judgment directing verdicts against them and the denial of a motion to discover the identity of an informant and directed the district court to consider allowing further discovery. 446 U.S. at 758. On appeal, however, the Supreme Court reversed the award of attorney's fees, holding that although the plaintiffs prevailed on the matters appealed, "they were

5

not . . . 'prevailing' parties in the sense intended by 42 U.S.C. § 1988." *Id.* at 756. Rather, the appellate findings only entitled the plaintiffs to a trial of their cause. *Id.* at 758. The Supreme Court noted that while evidentiary and procedural rulings "may affect the disposition on the merits," they are "themselves not matters on which a party could 'prevail' for purposes of shifting his counsel fees to the opposing party under § 1988." *Id.* at 759 (citing *Bly v. McLeod*, 605 F.2d 134, 137 (4th Cir. 1979)).

Similarly, in *Ellis v. Wright*, the defendant challenged the district court's finding that the defendant was not entitled to qualified immunity on appeal. 293 F. App'x 634, 634 (11th Cir. 2008). The Eleventh Circuit affirmed the district court's decision but denied the plaintiff's motion for attorney's fees. *Id.* at n.4. The Eleventh Circuit held that the plaintiff was not a prevailing party under 42 U.S.C. § 1988 because the plaintiff had "only succeeded on an interlocutory appeal, which will allow her suit to proceed to an adjudication of the merits." *Id.* (citing *Hanrahan*, 446 U.S. at 758).

The instant case is similar to *Hanrahan* because while the Eleventh Circuit's holding that Defendants are not entitled to qualified immunity at the Rule 12(b)(6) stage "may affect the disposition of the merits," it does not mean that Plaintiff is a prevailing party. *See Hanrahan*, 446 U.S. at 759. Indeed, the Eleventh Circuit's decision merely permits Plaintiff to pursue a trial against these Defendants on the merits of the claims. (*See* Doc. 70). As noted by this Court and by the Eleventh Circuit, the facts and evidence that emerge during discovery may prove Defendants' qualified immunity defense as a matter of law or, alternatively, a jury may find in Defendants' favor at trial. (*See id.* at 11, 14). Accordingly, the Undersigned concludes that Plaintiff is not a prevailing party as defined under 42 U.S.C. § 1988.

Moreover, this case mirrors *Ellis* because both cases specifically consider whether an appeal holding that a defendant is not entitled to qualified immunity qualifies the plaintiff as a prevailing party. *See Ellis*, 293 F. App'x at 634. In *Ellis*, the Eleventh Circuit held that this type of appeal merely secures the right to proceed to an adjudication on the merits. *Id.* at n.4. Although the Eleventh Circuit assumed Plaintiff's allegations as true, this was only due to the Rule 12(b)(6) posture of the case. (Doc. 70 at 2 (citing *Cottone*, 326 F.3d at 1357)). Relying on those facts, the Eleventh Circuit held that Defendants "are not entitled to qualified immunity at the Rule 12(b)(6) stage." (*Id.* at 11). Thus, Defendants may yet be able to raise the qualified immunity defense or prevail on the merits of the case as a whole. (*See id.* at 11, 14). As a result, like in *Ellis*, Plaintiff cannot be considered a prevailing party because there has not yet been an adjudication on the merits of the claims but only a procedural ruling based solely on Plaintiff's version of the facts.

Accordingly, the Undersigned concludes that as there has been no adjudication on the merits of the claims, Plaintiff is not a prevailing party and thereby not entitled to attorney's fees. The Undersigned, therefore, recommends that the Motion be denied without prejudice.

**IV.     Conclusion**

The Undersigned concludes that Plaintiff is not a prevailing party as defined within the meaning of 42 U.S.C. § 1988. Rather, Plaintiff obtained a favorable ruling that will permit her to pursue adjudication on the merits against Defendants. *See Ellis*, 293 F. App'x at 634 n.4. Plaintiff may, nonetheless, fail to prove liability going forward. Plaintiff cannot, therefore, be defined as a prevailing party under 42 U.S.C. § 1988 because there has been no establishment of her entitlement to relief on the merits of her claims. *See Hanrahan*, 446 U.S. at 758.

Accordingly, Plaintiff is not entitled to attorney's fees pursuant to 42 U.S.C. § 1988.  The Undersigned, therefore, recommends that the Motion be denied without prejudice.

**IT IS RESPECTFULLY RECOMMENDED:**

1) That Plaintiff's Corrected Application for Statutory Attorney Fees (Doc. 86) be **DENIED** without prejudice.

Respectfully recommended in Chambers in Ft. Myers, Florida on November 15, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties