UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANITA ANDREWS,

      Plaintiff,

v.                            Case No.:  2:16-cv-814-SPC-MRM

DEPUTY BRANDON MARSHALL,
SERGEANT ROBERT KIZZIRE,
CORIZON HEALTH, INC. and
CARMINE MARCENO,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court are:  (1) Defendants' Motion to Tax Costs, filed on February 11, 2021 (Doc. 162); and (2) Defendants' Renewed Motion to Enter Judgment, filed on February 11, 2021 (Doc. 163).  Plaintiff filed a single response in opposition to both motions on April 15, 2021.  (Doc. 170).[1]  These matters are ripe for the Court's review.

Because Plaintiff addresses both motions in one opposition brief, the Undersigned addresses the motions together in this Report and Recommendation. For the reasons set forth below, the Undersigned recommends that Defendants'

---

[1] To the extent Plaintiff's response in opposition proports to address Defendant Corizon Health, Inc.'s Motion for Taxation of Costs (Doc. 154), the Undersigned finds the issue moot because the Court previously denied Defendant Corizon Health, Inc.'s Motion for Taxation of Costs without prejudice, (*see* Doc. 157), and Defendant Corizon Health, Inc. has not renewed its motion.

Motion to Tax Costs (Doc. 162) be **GRANTED in part** and **DENIED in part**, and that Defendants' Renewed Motion to Enter Judgment (Doc. 163) be **GRANTED**.

## I.   BACKGROUND

Plaintiff originally filed her Complaint on November 4, 2016, alleging a violation of 42 U.S.C. § 1983.  (Doc. 1 at 1-2).  Plaintiff subsequently amended the Complaint multiple times:  filing the first Amended Complaint on October 5, 2017, (Doc. 61), the Second Amended Complaint on October 6, 2017, (Doc. 62), and two corrected Second Amended Complaints on October 6, 2017 (Docs. 63, 64).  In the operative Second Amended Complaint, Plaintiff alleged sixteen counts against five Defendants.  (Doc. 64 at 18-44).  Among those named as Defendants are Deputy Brandon Marshall, Sergeant Robert Kizzire, and Sherriff Carmine Marceno, in his official capacity as Lee County Sheriff ("Defendants").  (*Id.* at 5).

Defendants Marshall and Kizzire filed a Motion to Dismiss the original Complaint on February 28, 2017, (Doc. 15), and the Court denied the Motion to Dismiss on September 1, 2017.  (Doc. 53).  Defendants Marshall and Kizzire thereafter filed a Notice of Appeal as to the Order denying their Motion to Dismiss. (Doc. 57).  On April 5, 2018, the Eleventh Circuit affirmed the Order denying the Motion to Dismiss.  (Doc. 70 at 2).

The case continued through the discovery phase of litigation, and, on March 1, 2019, Defendants moved for summary judgment.  (Doc. 108).  On May 8, 2019, the Court granted summary judgment for Defendants on each count of the Second Amended Complaint, (Doc. 148), and judgment was entered in their favor on May

16, 2019, (Doc. 150).  Plaintiff subsequently filed a Notice of Appeal as to the Order granting summary judgment, (Doc. 155), and the Eleventh Circuit affirmed the Order on February 3, 2021, (Doc. 161).

The Undersigned next addresses each of the motions *sub judice*.

## II.    DEFENDANTS' MOTION TO TAX COSTS (DOC. 162)

The Undersigned summarizes the parties' arguments, summarizes the relevant legal standard, and analyzes the issues presented in the motion in turn below.

### A.    Arguments

Defendants filed their Motion to Tax Costs on February 11, 2021, seeking to recover $9,312.78 as "[t]he total costs necessarily incurred by Defendants."  (Doc. 162 at 2).  In support, Defendants maintain that they are the prevailing parties by virtue of the Eleventh Circuit's Order affirming summary judgment for Defendants and that they are, therefore, entitled to recover costs.  (*Id.*).  Attached to Defendants' Motion is the Bill of Costs, an Itemization of Costs, and the affidavit of attorney Robert C. Shearman.  (*Id.* at 6-11).  While Defendants summarily state that "[t]he costs sought were necessary to defend this case and are recoverable pursuant to Rule 54(d)(1) and 28 U.S.C. § 1920," they fail to offer any argument in support.  (*Id.* at 4).

In response, Plaintiff concedes that Defendants are entitled to costs, but argues that such entitlement is limited to "only those necessary to obtain the summary judgment." (Doc. 170 at 1).  Thus, Plaintiff contends that any costs associated with medical records or depositions should not be taxed because they "did not have to be incurred to obtain summary judgment on liability." (*Id.*).  Rather, Plaintiff maintains

that medical discovery could have occurred after a decision on summary judgment had Defendants' motion been unsuccessful. (*Id.* at 1-2). Additionally, Plaintiff argues that Defendants are not entitled to the filing fee for their unsuccessful appeal because Defendants did not prevail and because Plaintiff was awarded costs and fees associated with the appeal. (*Id.* at 2). Accordingly, Plaintiff contends that Defendants should be entitled to recover only $1,748.48. (*Id.*). Notably, Plaintiff fails to provide the Court with a clear delineation of the exact costs to which she objects or consents. (*See id.*).

###### B.    Legal Standard

Under Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The language of Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, and the losing party must rebut that presumption. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Moreover, Congress has comprehensively regulated the taxation of costs in federal courts. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987). Section 1920 lists the taxable costs:

> (1)    Fees of the clerk and marshal;
>
> (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)    Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Courts have discretion in taxing costs under § 1920. *Crawford*, 482 U.S. at 444-45. Absent statutory or contractual language to the contrary, however, courts are bound by the limitations set forth in § 1920. *See id.* at 445. The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierham*, 10 F.3d 776, 784 (11th Cir. 1994).

## C. Analysis

As an initial matter, Defendants are indisputably the prevailing party in this litigation. The presiding United States District Judge granted Defendants' Motion for Summary Judgment on all counts on May 8, 2019, (Doc. 148), and the Clerk of Court entered Judgment in Defendants' favor on May 16, 2019, (Doc. 150). Moreover, the Eleventh Circuit affirmed the Order granting summary judgment for Defendants on February 3, 2021. (Doc. 161).

In light of this result, Defendants now seek to tax certain costs against Plaintiff, including:  (1) $505.00 in "Fees of the Clerk (appellate);" (2) $564.00 in "Fees for service of subpoenas for depositions/employment records;" (3) $7,014.30 in "Fees of the court reporter for all and any part of the transcript necessarily obtained for use in the case;" (4) $500.00 in "Fees for witnesses;" (5) $129.48 in "Fees for exemplification and copies of papers necessarily obtained for use in this case;" and (6) $600.00 in "Mediation Fees."  (Doc. 162 at 6-7).  The full amount Defendants seek is $9,312.78 ($505.00 + $564.00 + $7,014.30 + $500.00 + $129.48 + $600.00 = $9,312.78).  (*See id.*).

The declaration below the Bill of Costs, signed by Defendants' attorney, Mr. Shearman, declares under penalty of perjury "that the foregoing costs are correct and necessarily incurred in this action and that the service [for] which fees have been charged were actually and necessarily performed."  (*Id.* at 7).  Additionally, Defendants attach an affidavit signed by Mr. Shearman in which counsel attests "[t]hat the Defendants have necessarily incurred and expended the sums set forth in the Bill of Costs[,] attached to Defendants' motion for Taxation of Costs as Exhibit 'A,' in defense of this action."  (*Id.* at 10-11).  The Undersigned finds that these attestations sufficiently comply with 28 U.S.C. § 1924, which requires that the party seeking to tax costs "attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."  Accordingly, the

Undersigned finds it appropriate to proceed with an evaluation of each of the requested costs.

### i.     Fees of the Clerk (appellate)

The Undersigned finds that Defendants' request for $505.00 for fees of the appellate clerk is due to be denied.  Although 28 U.S.C. § 1920(1) authorizes the taxation of "[f]ees of the clerk," Defendants cite no authority suggesting that 28 U.S.C. § 1920(1) authorizes the recovery of fees paid to a different court.  Notably, courts within the Eleventh Circuit have come to the opposite conclusion.  *See, e.g.*, *Soto v. Miami-Dade Cty.*, No. 1:14-CV-21307-KMW, 2019 WL 5212389, at *10 (S.D. Fla. Aug. 21, 2019), *report and recommendation adopted,* No. 14-21307-CIV, 2019 WL 5212391 (S.D. Fla. Sept. 5, 2019) (finding that filing fees paid to the Eleventh Circuit are not recoverable under 28 U.S.C. § 1920(1)).  Furthermore, because the appeal of the denial of Defendants Marshall's and Kizzire's motion to dismiss was unsuccessful, Defendants should not be entitled to reimbursement for this fee.  *See Clear Play, Inc. v. Nissam Corp.*, No. 07-81170-CIV, 2012 WL 12949814, at *4 (S.D. Fla. Aug. 23, 2012) ("Moreover, the appeal was unsuccessful and the injunction was affirmed thereby providing a further basis for denial of this fee.").  Thus, because the fee was not paid to this Court and because Defendants were unsuccessful on that appeal, the Undersigned recommends that Defendants' request to tax $505.00 for fees of the clerk of the appellate court be denied.

### ii.    Fees for Service

Defendants seek to tax $564.00 in costs for service of subpoenas for depositions and employment records. (Doc. 162 at 6). In the Itemization of Costs, Defendants provide only the name of the person or entity served, the requested records, if applicable, the date, the invoice number, and the cost. (*Id.* at 8). Notably absent is any evidence of the invoices. (*See id.*).

Because Plaintiff broadly objects to any medical discovery, (*see* Doc. 170 at 1), the Undersigned finds that Plaintiff challenges at least the four subpoenas that facially sought medical records, (*see* Doc. 162 at 8). As will be addressed more fully below, *see* Part I.C.iii., *infra*, however, Plaintiff's argument is unavailing because the mere fact that these records were not used in the summary judgment motion does not prohibit Defendants from recovering those costs. Specifically, because the Undersigned finds that Defendants would be entitled to fees related to depositions that were not ultimately used but were related to an issue of the case present at the time the deposition was taken, *see* Part I.C.iii., *infra*, so should Defendants be entitled to recover the costs of subpoenas sent for evidence related to an issue in the case but ultimately not used.

Nevertheless, to tax costs for service of summons and subpoena, the summonses and subpoenas must have been "reasonable and necessary." *See Berlinger v. Wells Fargo*, No. 2:11-CV-459-FTM-29CM, 2016 WL 4920079, at *2 (M.D. Fla. Sept. 15, 2016). Fees of private process servers can be taxed as long as they do not

exceed the statutorily authorized amount.  *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).  This is currently $65 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses.  28 C.F.R. § 0.114(a)(3).

Here, Defendants merely provide an itemized list of the person or entity served, the type of records requested, the date, the invoice number, and total cost for each entry.  (*See* Doc. 162 at 8).  There is no other information given to the Court – beyond Defendants' counsel's affirmance under penalty of perjury – to justify that these expenses, ranging from $35.00 to $340.00, were "necessarily incurred."  (*Id.* at 6, 8, 11).  Moreover, Defendants provide no evidence that they actually made these payments to the third parties or that such payments were in the amounts they now seek to tax.  (*Id.*).

Thus, it is unclear to the Undersigned how these costs were incurred – *i.e.*, if there are any travel costs or other expenses contributing to these amounts – or whether these amounts were actually paid to third parties.  This Court has noted that the "[f]ailure to provide supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs."  *Pelc v. Nowak*, No. 8:11-CV-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013), *aff'd on other grounds,* 596 F. App'x 768 (11th Cir. 2015).  Thus, because Defendants fail to provide sufficient supporting documentation verifying the costs incurred, the Undersigned recommends that the motion be denied without prejudice as to Defendants' request for these service fees.  *See id.*

### iii.    Fees of the Court Reporter

Defendants also seek to tax $7,014.30 in "[f]ees of the court reporter for all and any part of the transcript necessarily obtained for use in the case." (Doc. 162 at 6).  In the Itemization of Costs, Defendants provide information as to whose deposition the court reporter attended – noting whether the transcript was also requested – the date of the deposition, the invoice number, and the total cost.  (*Id.* at 8).  Notably absent is any evidence of the invoices.  (*See id.*).

Because Plaintiff broadly objects to any medical discovery, (*see* Doc. 170 at 1), the Undersigned finds that Plaintiff challenges at least the fees associated with the seven depositions of doctors, (*see* Doc. 162 at 8).

28 U.S.C. § 1920(2) allows for the recovery of fees for printed or electronically recorded transcripts necessarily obtained for use in the case.  Deposition costs, including transcripts, are, therefore, taxable under § 1920(2).  *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000).  Additionally, attendance fees of the court reporter or the per diem are also taxable.  *Ferguson v. Bombardier Servs. Corp.*, No. 8:03-CV-1380-T-30, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007).

Moreover, a deposition need not have actually been used in connection with a dispositive motion or at trial for its related fees to be taxable.  *See Strong v. GEICO Gen. Ins. Co.*, No. 8:16-CV-1757-T-36AAS, 2018 WL 671342, at *3 (M.D. Fla. Jan. 10, 2018), *report and recommendation adopted,* No. 8:16-CV-1757-T-36AAS, 2018 WL 647457 (M.D. Fla. Jan. 31, 2018).  Rather, deposition costs are recoverable if the

deposition related to an issue that was present at the time the deposition was taken. *See W&O, Inc.*, 213 F.3d at 621.  Thus, "a deposition taken within the proper bounds of discovery . . . will normally be deemed to be 'necessarily obtained [] for use in the case' and its costs will be taxed[.]" *Strong*, 2018 WL 671342, at *3 (quoting *Blanco v. Biscayne Wine Grp., LLC*, No. 10-23988-CIV, 2014 WL 2653922, at *4 (S.D. Fla. June 13, 2014); alterations in original).

Here, however, Defendants provided no evidence – beyond Defendants' counsel's averments – that these amounts were actually paid to third parties or that these deposition costs were reasonably and necessarily incurred.  As noted above, the "[f]ailure to provide supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs." *Pelc v. Nowak*, No. 8:11-CV-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013), *aff'd on other grounds,* 596 F. App'x 768 (11th Cir. 2015).  Accordingly, because Defendants fail to provide sufficient documentation verifying the costs incurred, the Undersigned recommends that the motion be denied without prejudice as to Defendants' request for these court reporter fees. *See id.*

### iv.    Fees for Witnesses

Defendants seek to tax $500.00 in expert witness fees for the deposition of Dr. David Weldon on October 17, 2018.  (Doc. 162 at 9).  Although witness fees are recoverable under 28 U.S.C. § 1920(3), the Eleventh Circuit has observed that "it is well settled that expert witness fees cannot be assessed in excess of witness fees provided in [28 U.S.C.] § 1821." *Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285,

1289 (11th Cir. 1983). Section 1821 allows for awards of witness fees up to $40.00 for each day a witness attends court, appears before a Magistrate Judge, or gives his or her deposition. *Taylor Indus. Constr., Inc. v. Westfield Ins. Co.*, No. 8:16-CV-2960-T-SPF, 2020 WL 1873595, at *9 (M.D. Fla. Apr. 15, 2020) (citing 28 U.S.C. § 1821(a)(1)). Because Defendants' Itemization of Costs suggests that the $500.00 is for the one-day deposition of Dr. David Weldon, (*see* Doc. 162 at 9), only $40.00 is recoverable, *see Taylor Indus. Constr., Inc.*, 2020 WL 1873595, at *9.

Additionally, as to Plaintiff's objection to the taxation of costs related to "medical depositions," the Undersigned notes that it is unclear whether Dr. Weldon testified as to liability or as to another issue that would have been before the Court had the case proceeded to trial. The lack of such information, however, is not dispositive of Defendants' request. As explained above, even if the deposition did not relate to liability, the mere fact that Dr. Weldon's testimony was not used in the summary judgment motion does not prohibit Defendants from recovering the cost.

Accordingly, the Undersigned recommends that Defendants be permitted to tax $40.00 against Plaintiff for expert witness fees.

### v.   Fees for Exemplification and Copies

Defendants seek to tax $129.48 for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. (Doc. 162 at 6). Specifically, Defendants seek to tax $3.90 for copies of medical records from Gulf Coast Medical Center, $47.36 for copies of medical records from Gulf Coast Medical Center, $25.49 for copies of medical records from

Lee Physicians Group, $43.73 for bound copies of *en banc* Petition for Rehearing per the Eleventh Circuit's requirements, and $9.00 for CD of Plaintiff's films from Gulf Coast Medical Center.  (*Id.* at 8-9).  Notably absent is any documentation evincing that these fees were paid or, beyond counsel's averments, documentation supporting that copies of the medical records were necessarily incurred.  (*See id.*).

Because Plaintiff broadly objects to any medical discovery, (*see* Doc. 170 at 1), the Undersigned finds that Plaintiff challenges at least the copies of medical records, (*see* Doc. 162 at 8).

While the Undersigned acknowledges that costs attributable to discovery produced in response to subpoenas are recoverable under § 1920(4), Defendants have not shown here that the materials were, in fact, necessary for the case.  *See E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000); *Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC*, No. 8:11-CV-2732-T-27AEP, 2013 WL 6145533, at *6 (M.D. Fla. Nov. 21, 2013).  The party seeking recovery must show that the materials were necessary for the case.  *Tempay Inc.*, 2013 WL 6145533, at *6.  The burden is on Defendants to establish the nature of the documents and how they were used or intended to be used in the case.  *Id.*; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).

Here, as to the medical records, Defendants provide no evidence, beyond Defendants' counsel's affirmation under penalty of perjury, that the copies were necessarily incurred.  (*See* Doc. 162 at 4-11).  Moreover, Defendants provide no

documentation showing that they actually made these payments to the third parties, or that such payments were in the amounts they now seek to tax. (*Id.*). Additionally, although the Undersigned finds that because the Eleventh Circuit requires bound copies of *en banc* petitions for rehearing, Defendants again provide no documentation showing that they actually made this payment to a third party or that such payment was in the amount they now seek to tax. (*See id.*). This Court has noted that the "[f]ailure to provide supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs." *Pelc v. Nowak*, No. 8:11-CV-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013), *aff'd on other grounds,* 596 F. App'x 768 (11th Cir. 2015). Thus, because Defendants fail to provide sufficient documentation verifying the costs incurred, the Undersigned recommends that the motion be denied without prejudice as to Defendants' request to recover the fees for making copies of any materials obtained for use in this case. *See id.*

### vi.   Mediation Fees

Although Defendants correctly note that the original Case Management and Scheduling Order permits the prevailing party to recover mediation costs, (*see* Doc. 30 at 13), and Plaintiff does not dispute this cost, (*see* Doc. 170 at 2), Defendants are not entitled to these costs. The Supreme Court has held that "courts may not award litigation expenses that are not specified in [28 U.S.C.] §§ 1821 and 1920," unless there is express authority from Congress. *Rimini Street, Inc. v. Oracle USA, Inc.*, 139 S.

Ct. 873, 877 (2019).  Relying on *Rimini Street, Inc. v. Oracle USA, Inc.*, this Court has found that notwithstanding any language in the operative Case Management and Scheduling Order, the Case Management and Scheduling Order "must give way to the Supreme Court's clear directive." *Jean-Pierre v. Naples Cmty. Hosp., Inc.*, No. 2:18-CV-98-FTM-38MRM, 2020 WL 1862612, at *1 (M.D. Fla. Apr. 14, 2020). Accordingly, the Undersigned recommends that the motion be denied as to Defendants' request to tax $600.00 for mediation fees.

In sum, the Undersigned recommends that Defendants' Motion to Tax Costs (Doc. 162) be **GRANTED in part** and **DENIED in part**.  Specifically, the Undersigned recommends that the motion be granted to the extent Defendants be awarded $40.00 for witness fees.  Additionally, the Undersigned recommends that the motion be denied as to Defendants' request to tax the mediation fees and Defendants' request to tax the fees of the appellate clerk.  Finally, the Undersigned recommends that the motion be denied without prejudice to the extent it seeks any other relief.

## III.    DEFENDANTS' RENEWED MOTION TO ENTER JUDGMENT (DOC. 163)

The Undersigned reviews important background, summarizes the parties' arguments as to this motion, summarizes the relevant legal standard, and analyzes the issues presented in the motion in turn below.

## A.     Background

Notably, this was not Plaintiff's first lawsuit arising out of these facts and occurrences. *See Andrews v. Mike Scott*, No. 2:14-CV-269-FTM-29CM.  Plaintiff and Keith O'Bryant, a named plaintiff in the prior suit, initially filed a complaint arising out of these facts and occurrences on May 16, 2014, naming as defendants Deputy Brandon Marshall, Sergeant Robert Kizzire, and Mike Scott, the Lee County Sheriff at the time, in his official capacity (the "2014 Lawsuit").  *See Andrews v. Mike Scott*, No. 2:14-CV-269-FTM-29CM at Doc. 1.

The night before the dispositive motion deadline, however, the plaintiffs sought to voluntarily dismiss the action without prejudice.  *Andrews v. Mike Scott*, No. 2:14-CV-269-FTM-29CM at Doc. 53.

Because the defendants had not only filed a responsive pleading but litigated the action through the point of dispositive motions, the Court sought briefing from the defendants regarding their position on the plaintiff's motion for voluntary dismissal.  *Andrews v. Mike Scott*, No. 2:14-CV-269-FTM-29CM at Doc. 54.  In response, the parties filed a Joint Response, noting that the parties agreed that if either or both plaintiffs files a subsequent Complaint based on the same facts or occurrences, the defendants would be entitled to an amount of $9,000.00 in costs and, if the defendants were successful in the subsequent litigation, they may seek an additional $6,124.00 in costs.  *Andrews v. Mike Scott*, No. 2:14-CV-269-FTM-29CM at Doc. 55.

In light of the Joint Response, the Court found that the parties stipulated to the dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii) and directed a judgment incorporating the terms of the settlement.  *Andrews v. Mike Scott*, No. 2:14-CV-269-FTM-29CM at Doc. 56.  Specifically, the Court directed that:

> If plaintiffs file a new action arising out of the same facts and occurrence, defendants will be awarded $9,000.00 as costs of the previous action pursuant to Fed. R. Civ. P. 41(d), without prejudice to defendants' right to seek recovery of the balance of costs incurred if defendants prevail in the newly filed action.

*Id.*

Defendants now seek to recover the $9,000.00 award in accordance with the Court's Order, essentially arguing that they are the prevailing parties in a lawsuit filed by a plaintiff in the 2014 Lawsuit and arising out of the same facts and occurrences as the 2014 Lawsuit.  (*See generally* Doc. 163).

## B.    Arguments

In support of their motion, Defendants argue that "[t]he [C]ourt's intention with this sanction is plain — to protect Defendants from the inequity of duplicative litigation." (*Id.* at 3).  Accordingly, Defendants essentially maintain that now that they have prevailed, they are entitled to the $9,000.00 sanction imposed by the Court as a condition on the voluntary dismissal.  (*See id.* at 4-5).

In response, Plaintiff concedes that Defendants are entitled to some monetary award but argues that the parties' agreement – and the Court's Order in the 2014 Lawsuit – permitted Defendants to seek only $6,124.00.  (Doc. 170 at 2-3).

17

Accordingly, Plaintiff contends that Defendants should be awarded $6,124.00, less any fees duplicative of the requests in Defendants' Motion to Tax Costs. (*Id.* at 3).

### C.   Legal Standard

Fed. R. Civ. P. 41 governs voluntary dismissals of actions.  Under Fed. R. Civ. P. 41(a)(1), a plaintiff may "dismiss an action without a court order by filing:  (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1).  If a defendant has filed a responsive pleading and does not stipulate to the dismissal, however, Fed. R. Civ. P. 41(a)(2) governs and permits a plaintiff to dismiss the action only "upon order of the court and upon such terms and conditions as the court deems proper."  *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting Fed. R. Civ. P. 41(a)(2)). "Such conditions may include requiring the plaintiff to pay defendant a certain sum of money in costs, expenses and reasonable attorney's fees, creating an enforceable judgment on which defendant can execute, or conditioning the dismissal on the payment of costs to the defendant should the plaintiff later re-file."  *Moore v. Shands Jacksonville Med. Ctr., Inc.*, No. 3:09-CV-298-J-34PDB, 2014 WL 2801202, at *3 (M.D. Fla. June 19, 2014) (internal citations omitted) (collecting cases).

Moreover, Fed. R. Civ. P. 41(d) specifically addresses the Court's ability to award costs to a defendant if a plaintiff subsequently refiles a complaint:  "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the

plaintiff to pay all or part of the costs of that previous action . . . ."  Fed. R. Civ. P. 41(d); *see also Pontenberg*, 252 F.3d at 1256 (concluding that the district court did not abuse its discretion in granting a motion for voluntary dismissal while there was a pending motion for summary judgment in part because the dismissal was conditioned upon the court assessing costs against the plaintiff if she refiled her action).

### D.    Analysis

Plaintiff makes no attempt to argue that the instant action does not arise out of the same facts and occurrences as the 2014 Lawsuit.  (*See* Doc. 170 at 2-3).  Rather, Plaintiff seeks only to limit Defendants' award to $6,124.00.  (*Id.*).  Plaintiff's argument, however, appears to misconstrue the plain language of the Court's Order. (*See id.*); *see also Andrews v. Mike Scott*, No. 2:14-CV-269-FTM-29CM at Doc. 56.

As noted above, the Court stated in that Order that:

> If plaintiffs file a new action arising out of the same facts and occurrence, defendants will be awarded $9,000.00 as costs of the previous action pursuant to Fed. R. Civ. P. 41(d), without prejudice to defendants' right to seek recovery of the balance of costs incurred if defendants prevail in the newly filed action.

*Andrews v. Mike Scott*, No. 2:14-CV-269-FTM-29CM at Doc. 56.  Thus, the plain language of the Court's Order entitles Defendants to $9,000.00.  *See id.*  Additionally, the Order specifies that Defendants can seek "the balance of costs incurred" if they prevail in the instant action.  *Id.*

Notably, the Order does not state what "the balance of costs incurred" is. *Id.* When supplemented by the Joint Response upon which it relies, however, the Court's Order is clear. *See Andrews v. Mike Scott*, No. 2:14-CV-269-FTM-29CM at Doc. 55. Specifically, the Joint Response, signed by attorney Barry Roderman on behalf of Plaintiff and Mr. Keith O'Bryant, acknowledges that after the plaintiffs sought to voluntarily dismiss the 2014 Lawsuit, the defendants originally requested $15,124.00 in costs. *Id.* The Joint Response continues:

> After additional negotiation, the parties agreed to taxation of costs in favor of Defendants in the total amount of $9,000.00, payable in the event that one or both Plaintiffs refile a Complaint based upon the same facts or occurrence. Further, the parties have agreed that in the event a new action is filed, Defendants shall be permitted to request recovery of the balance, $6,124.00, in the event Defendants prevail.

*Id.* Thus, the parties jointly requested that the Court dismiss the 2014 Lawsuit without prejudice and "award Defendants costs in the amount of $9,000.00 to be paid when and if either or both Plaintiffs file a new action arising out of the same facts and occurrence, and preserv[e] Defendants' right to seek recovery of the balance of $6,124.00 in the event that Defendants prevail in the newly filed action." *Id.*

In light of these filings, the Undersigned finds that Defendants are entitled to the $9,000.00 awarded by the Court in the 2014 Lawsuit because a second suit was filed arising out of the same facts or occurrences. Notably, because they prevailed, Defendants could have sought to recover the additional $6,124.00, but their failure to do so does not prejudice their ability to recover the $9,000.00 award stipulated by the

parties and granted by the Court. *See Andrews v. Mike Scott*, No. 2:14-CV-269-FTM-29CM at Doc. 56. Thus, the Undersigned finds that Defendants are entitled to an award of $9,000.00 for the costs incurred in the 2014 Lawsuit.

Moreover, to the extent Plaintiff seeks to limit the award to those fees that are not duplicative of those recovered in Defendants' Motion to Tax Costs, the Undersigned finds the argument unavailing. The fees requested in Defendants' Motion to Tax Costs could not have been incurred in the 2014 Lawsuit because the earliest date of an event for which Defendants seek to recover costs is April 21, 2017, (*see* Doc. 162 at 8), over a year after judgment was entered in the 2014 Lawsuit, *see Andrews v. Mike Scott*, No. 2:14-CV-269-FTM-29CM at Doc. 57.

Additionally, even if there were some duplicative charges, such a risk justifiably falls on Plaintiff. Indeed, Fed. R. Civ. P. 41(d) intended to protect defendants against "the unfairness of duplicative litigation," which inherently places the risk of the same on plaintiffs. *See Russell-Brown v. Jerry, II*, 270 F.R.D. 654, 661 (N.D. Fla. 2010); *see also HControl Holdings, LLC v. Bright House Networks, LLC*, No. 8:13-CV-39-T-AAS, 2017 WL 625314, at *2 (M.D. Fla. Feb. 15, 2017) (noting that one purpose of Fed. R. Civ. P. 41(d) is to deter a plaintiff from wasting litigant expenses). Accordingly, the Undersigned finds that Plaintiff's attempt to limit recovery here lacks merit.

As a final matter, the Undersigned recognizes that the Court's Order in the 2014 Lawsuit awarded Defendants' $9,000.00 "[i]f *plaintiffs* file a new action." *Andrews v. Mike Scott*, No. 2:14-CV-269-FTM-29CM at Doc. 56 (emphasis added).

21

Notably, former plaintiff Keith O'Bryant did not join this action, and the Complaint was filed by Plaintiff only. (*See* Doc. 1). Although Plaintiff raised this argument in her response to Defendants' original motion for renewed judgment, she fails to raise it now. (*Compare* Doc. 49 *with* Doc. 170). Accordingly, the Undersigned finds that Plaintiff abandoned the argument.

Even if Plaintiff had properly raised the argument, however, the Undersigned finds that the argument would fail. The Order clearly intended to adopt the stipulation of the parties, as evinced by the need to read the Order in conjunction with the Joint Response to understand what balance Defendants may seek to recover if they prevail. *See Andrews v. Mike Scott*, No. 2:14-CV-269-FTM-29CM at Doc. 56. Notably, the Joint Response imposed the $9,000.00 in the event either or both plaintiffs filed a subsequent complaint. (*See id.*). Additionally, in having stipulated to the amount, the Undersigned finds that justice would not be served if Plaintiff could now escape the Court's Order, based on the parties' stipulation, simply because Mr. O'Bryant did not join the instant action. Thus, the Undersigned finds that Defendants are entitled to the $9,000.00 notwithstanding the fact that Mr. O'Bryant is not party to this action.

In sum, the Undersigned recommends that Defendants' Renewed Motion to Enter Judgment (Doc. 163) be granted and Plaintiff be ordered to pay Defendants $9,000.00 for the costs incurred in the 2014 Lawsuit.

## CONCLUSION

For the foregoing reasons, the Undersigned **RESPECTFULLY**

**RECOMMENDS** that:

1.  Defendants' Motion to Tax Costs (Doc. 162) be **GRANTED in part**

    and **DENIED in part** as follows:

    a.  The Motion be granted to the extent Defendants be awarded

        $40.00 for witness fees;

    b.  The Clerk of Court be directed to enter a cost judgment for

        Defendants Brandon Marshall, Robert Kizzire, and Sherriff

        Carmine Marceno, in his official capacity as Lee County Sheriff;

    c.  The Motion be denied as to Defendants' request to tax the

        mediation fees and Defendants' request to tax the fees of the

        appellate clerk;

    d.  The Motion be denied without prejudice to the extent it seeks

        any other relief; and

    e.  Defendants be given fourteen (14) days from the date of the

        Court's Order to file a renewed and adequately supported motion

        for fees, if they choose to do so.

2.  Defendants' Renewed Motion to Enter Judgment (Doc. 163) be

    **GRANTED** as set forth below:

a. Defendants Brandon Marshall, Robert Kizzire, and Sherriff Carmine Marceno, in his official capacity as Lee County Sheriff be awarded $9,000.00 as costs of the previous action; and

b. The Clerk of Court be directed to enter judgment for Defendants Brandon Marshall, Robert Kizzire, and Sherriff Carmine Marceno, in his official capacity as Lee County Sheriff.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on May 6, 2021.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. A party wishing to respond to an objection may do so in writing fourteen days from the filing date of the objection. The parties are warned that the Court will not extend these deadlines. To expedite

resolution, the parties may also file a joint notice waiving the fourteen-day objection

period.


Copies furnished to:
Counsel of Record
Unrepresented Parties