UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANITA ANDREWS,

    Plaintiff,

v.                                                                         Case No.: 2:16-cv-814-SPC-MRM

DEPUTY BRANDON MARSHALL,
SERGEANT ROBERT KIZZIRE,
CORIZON HEALTH, INC. and
CARMINE MARCENO,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Renewed Motion to Tax Costs, filed on May 19, 2021. (Doc. 173). Plaintiff filed a response in opposition to the motion on June 22, 2021. (Doc. 177). This matter is ripe for the Court's review. For the reasons set forth below, the Undersigned recommends that Defendants' Renewed Motion to Tax Costs (Doc. 173) be **GRANTED in part and DENIED in part.**

### I.    BACKGROUND

Plaintiff originally filed her Complaint on November 4, 2016, alleging a violation of 42 U.S.C. § 1983. (Doc. 1 at 1-2).[1] Plaintiff subsequently amended the Complaint multiple times: filing the first Amended Complaint on October 5, 2017,

---

[1] Page number citations to the docket refer to the CM/ECF pagination, not the page numbers listed at the bottom of any given document.

(Doc. 61), the Second Amended Complaint on October 6, 2017, (Doc. 62), and two corrected Second Amended Complaints on October 6, 2017, (Docs. 63, 64). In the operative Second Amended Complaint, Plaintiff alleged sixteen counts against five Defendants. (Doc. 64 at 18-44). Among those named as Defendants are Deputy Brandon Marshall, Sergeant Robert Kizzire, and Sherriff Carmine Marceno, in his official capacity as Lee County Sheriff ("Defendants"). (*Id*. at 5).

The case continued through the discovery phase of litigation, and, on March 1, 2019, Defendants moved for summary judgment. (Doc. 108). On May 8, 2019, the Court granted summary judgment for Defendants on each count of the Second Amended Complaint, (Doc. 148), and judgment was entered in their favor on May 16, 2019, (Doc. 150). Plaintiff subsequently filed a Notice of Appeal as to the Order granting summary judgment, (Doc. 155), and the Eleventh Circuit affirmed the Order on February 3, 2021, (Doc. 161).

On February 11, 2021, Defendants filed their first Motion to Tax Costs, (Doc. 162). On May 6, 2021, the Undersigned issued a Report and Recommendation recommending that Defendants' Motion to Tax Costs, (Doc. 162), be granted in part and denied in part. (*See generally* Doc. 172). The Undersigned recommended granting the motion to the extent Defendants be awarded $40.00 in witness fees for the deposition of Dr. David Weldon. (*See id*. at 11-12). However, the Undersigned recommended denying the motion as to Defendants' request to tax fees of the appellate court and mediation fees, (*see id.* at 7, 14-15), and denying the motion without prejudice to the extent Defendants sought any other relief due to the lack of

2

documentation evincing that the remaining costs were reasonably and necessarily incurred, (*see id.* at 8-11, 12-14). On May 25, 2021, the presiding United States District Judge accepted and adopted the Undersigned's Report and Recommendation. (Doc. 174).

Defendants filed their Renewed Motion to Tax Costs on May 19, 2021, (Doc. 173), and Plaintiff filed a response in opposition on June 22, 2021, (Doc. 177).

The Undersigned takes this opportunity to note that motions to tax costs are no longer required under this Court's new local rules, effective February 2, 2021. Rather, in amending the local rules, the Court specifically omitted any rule related to a motion to tax costs, leaving such motions to be governed solely by Fed. R. Civ. P. 54. Under Fed. R. Civ. P. 54(d)(1), a "[t]he clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Thus, judicial review is only required when the non-prevailing party challenges the propriety of the Clerk of Court's taxation of costs against the non-prevailing party. *See Winnie v. Infectious Diseases Assocs., P.A.*, No. 8:15-cv-2727-T-35MAP, 2018 WL 10456833, at *1 (M.D. Fla. Mar. 19, 2018) (discussing the effect of Fed. R. Civ. P. 54(d)(1) and directing the prevailing party to follow "the proper procedure," which "is for . . . the prevailing party[] to file a verified bill of costs with the Clerk" to which the non-prevailing party may object and seek judicial review within seven days after the clerk taxes costs).

Having said that, however, for the sake of judicial efficiency, the Undersigned construes Plaintiff's response in opposition, (Doc. 177), as an untimely – but

3

nonetheless accepted – motion for the Court's review of the taxation of costs.  The Undersigned, therefore, considers the motion below.

## II.     PARTIES' ARGUMENTS

In Defendants' Renewed Motion to Tax Costs, Defendants seek to recover "$564.00 in costs for service of subpoenas for depositions and employment records" and "$6,764.30 in fees of the court reporter for all and any part of the transcript necessarily obtained for use in this case." (Doc. 173 at 2, 3-4).  In support, Defendants attach the invoices verifying that the costs were necessarily incurred for the case.  (*Id.* at 2).

In response, Plaintiff concedes that Defendants are entitled to costs, but objects to the renewed motion to the extent Defendants "seek recovery of professional witness fees for two depositions totaling $2,900." (Doc. 177 at 1). Specifically, Plaintiff objects to the fees for depositions of Dr. Richard Unger and Dr. Gaston Ponte, arguing that expert witness fees cannot exceed an amount of $40.00. (*Id.* at 2 (citation omitted)).  Plaintiff also objects to the medical exhibits and depositions costs because they were "not used by Defendants and are therefore not reasonable and necessary." (*Id.*).  Nonetheless, Plaintiff acknowledges that "the [C]ourt may award those costs since Defendants have now attached those invoices." (*Id.*).

## III.    LEGAL STANDARD

Under Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed

4

to the prevailing party." The language of Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, which presumption the losing party must rebut. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Moreover, Congress has comprehensively regulated the taxation of costs in federal courts. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987). Section 1920 provides a list of taxable costs as follows:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Courts have discretion in taxing costs under § 1920. *Crawford*, 482 U.S. at 444-45. Absent statutory or contractual language to the contrary, however, courts are bound by the limitations set forth in § 1920. *See id.* at 445. The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's

5

entitlement to an award of those costs or expenses. *Loranger v. Stierham*, 10 F.3d 776, 784 (11th Cir. 1994).

## IV. ANALYSIS

As an initial matter, Defendants are indisputably the prevailing party in this litigation. The presiding United States District Judge granted Defendants' Motion for Summary Judgment on all counts on May 8, 2019, (Doc. 148), and the Clerk of Court entered Judgment in Defendants' favor on May 16, 2019, (Doc. 150). Moreover, the Eleventh Circuit affirmed the Order granting summary judgment for Defendants on February 3, 2021. (Doc. 161).

In light of this result, Defendants now seek to tax certain costs against Plaintiff, including: (1) $564.00 in "costs for service of subpoenas for depositions and employment records;" and (2) $6,764.30 in "fees of the court reporter for all and any part of the transcript necessarily obtained for use in this case." (Doc. 173 at 2-7). The full amount Defendants seek is $7,328.30 ($564.00 + $6,764.30 = $7,328.30). (*See id.*).

The Undersigned addresses each requested cost individually below. Included in the enumerated costs labeled as "[f]ees of the Court Reporter," however, are two requests for witness fees. (*See* Doc. 173 at 5-6). The Undersigned considers these costs separate and apart from the "[f]ees of the Court Reporter."

### A. Fees for Service

Defendants seek to tax "$564.00 in costs for service of subpoenas for depositions and employment records." (*Id.* at 2-3). Defendants provide the name of

6

the person or entity served, the requested records, if applicable, the invoice number, and the cost. (*Id*.). Defendants also include the relevant invoices, (Doc. 173-1), to show that the costs were "necessarily incurred." (Doc. 173 at 2-3).

To tax costs for service of summons and subpoena, the summonses and subpoenas must have been "reasonable and necessary." *See Berlinger v. Wells Fargo*, No. 2:11-cv-459-FtM-29CM, 2016 WL 4920079, at *2 (M.D. Fla. Sept. 15, 2016). Fees of private process servers can be taxed as long as they do not exceed the statutorily authorized amount. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). This is currently $65 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3).

Upon review of Defendants' arguments and the attached invoices, the Undersigned finds Defendants request to tax these costs should be granted in part and denied in part.

First, as to the fee for service of the subpoena on Medical Records Custodian of Amen Clinics, Inc., the Undersigned finds that the fee was necessarily incurred, but that Defendants failed to provide sufficient evidence to show that they are entitled to more than $65.00. Specifically, upon review of the invoice, it appears that one process server served one subpoena. (*See* Doc. 173-1 at 3; *see also* Doc. 173-1 at 1-2). Accordingly, the Undersigned recommends that Defendants be permitted to tax $65.00 against Plaintiff for the service of the subpoena on Medical Records Custodian of Amen Clinics, Inc. Defendants fail to argue that more than one

7

document was served on Medical Records Custodian of Amen Clinics, Inc. or service took longer than an hour. (*See* Doc. 173 at 3).

Second, as to the fees for service of the subpoenas directed to the records custodians of Huntsville Hospital, Port Charlotte Honda, Medical Pavilion Walk-in, and John Davidson, MD, the Undersigned finds that the fees were necessarily incurred, but that Defendants failed to provide sufficient evidence to show that they are entitled to more than $65.00 per recipient. Specifically, upon review of the invoices, it appears that one process server served one document on four recipients. (*See* Doc. 173-1 at 6-9; *see also* Doc. 173-1 at 4-5). Accordingly, the Undersigned recommends that Defendants be permitted to tax $260.00 ($65.00 x 4 = $260.00) against Plaintiff for service of the subpoenas directed to the records custodians of Huntsville Hospital, Port Charlotte Honda, Medical Pavilion Walk-in, and John Davidson, MD. Defendants failed to argue that more than one document was served on any recipient or any service took longer than an hour. (*See* Doc. 173 at 3).

Third, as to the fees for service of a subpoena on the records custodian of Millennium Physicians Group/Port Charlotte Walk-In Center and Dr. Gaston Ponte, the Undersigned finds the fees reasonably and necessarily incurred, and recommends awarding the full amounts requested—$45.00 for service on the Millennium Physicians Group/Port Charlotte Walk-In Center; $49.00 for service on Dr. Ponte. (*See* Doc. 173-1 at 10-15).

Fourth, as to the "Service of process fee on Leo Titone, MBA, CPA," the Undersigned finds the fee reasonably and necessarily incurred and recommends awarding the full $35.00 requested. (*See* Doc. 173 at 3; *see also* Doc. 173-1 at 16-18).[2]

Accordingly, the Undersigned recommends that Defendants be permitted to tax a total of $454.00 ($65.00 + $260.00 + $45.00 + $49.00 + $35.00= $454.00) against Plaintiff for the "costs for service of subpoenas for depositions and employment records." *See Berlinger*, 2016 WL 4920079, at *2; *see also E.E.O.C.*, 213 F.3d at 624.

**B.     Fees of the Court Reporter**

Defendants also "seek to tax $6,764.30 in fees of the court reporter for all and any part of the transcript necessarily obtained for use in this case." (Doc. 173 at 3-4). Defendants provide information as to whose deposition the court reporter attended and/or prepared the transcript, the need for the deposition in relation to the case, and the total cost. (*Id*. at 4-7). Defendants also attach the relevant invoices, (Doc. 173-2), as evidence that the costs were "reasonably and necessarily incurred," (Doc. 173 at 4).

---

[2] The Undersigned notes that the invoice uses the case caption of the parties' prior lawsuit (case No. 2:14-cv-269-FtM-29CM) as the operative case number. (*See* Doc. 173-1 at 18). Given the date of the service, however, it is clear to the Undersigned that this is a scrivener's error and that the invoice relates to the instant lawsuit. Specifically, the prior lawsuit was closed on August 26, 2015, nearly two years prior to the date of this service. *Compare Andrews v. Mike Scott*, No. 2:14-cv-269-FtM-29CM at Doc. 57, *with Andrews v. Marshall* No. 2:16-cv-814-FtM-SPC-MRM at (Doc. 173-2 at 4-6).

9

Because Plaintiff broadly objects to "exhibits and deposition costs which were not used by Defendant," (*see* Doc. 177 at 2), the Undersigned finds that Plaintiff challenges at least some of the the fees associated with these depositions, (*see* Doc. 173 at 4-7).

Importantly, 28 U.S.C. § 1920(2) allows for the recovery of fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Deposition costs, including transcripts, are, therefore, taxable under § 1920(2). *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). Additionally, attendance fees of the court reporter or the per diem are also taxable. *Ferguson v. Bombardier Servs. Corp.*, No. 8:03-cv-1380-T-30, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007).

Moreover, a deposition need not have actually been used in connection with a dispositive motion or at trial for its related fees to be taxable. *See Strong v. GEICO Gen. Ins. Co.*, No. 8:16-cv-1757-T-36AAS, 2018 WL 671342, at *3 (M.D. Fla. Jan. 10, 2018), *report and recommendation adopted*, No. 8:16-cv-1757-T-36AAS, 2018 WL 647457 (M.D. Fla. Jan. 31, 2018). Rather, deposition costs are recoverable if the deposition related to an issue that was present at the time the deposition was taken. *See W&O, Inc.*, 213 F.3d at 621. Thus, "a deposition taken within the proper bounds of discovery . . . will normally be deemed to be 'necessarily obtained [] for use in the case' and its costs will be taxed[.]" *Strong*, 2018 WL 671342, at *3 (quoting *Blanco v.*

10

*Biscayne Wine Grp., LLC*, No. 10-23988-CIV, 2014 WL 2653922, at *4 (S.D. Fla. June 13, 2014); alterations in original).

Upon review of Defendants' arguments and the attached invoices, the Undersigned finds Defendants request to tax the court reporter fees should be granted.

First, as to the fee for the court reporter's attendance at Anita Andrews's deposition, taken May 22, 2017, and for the transcript, the Undersigned finds the fee necessarily and reasonably incurred. Accordingly, the Undersigned recommends that Defendants be permitted to tax the requested $1,269.20 against Plaintiff. (*See* Doc. 173 at 4, Doc. 173-2 at 1-3).

Second, as to the fee for the court reporter's attendance at Niralda Ilory's deposition, scheduled for August 18, 2018, the Undersigned finds the fee necessarily and reasonably incurred.[3] Accordingly, the Undersigned recommends that Defendants be permitted to tax the requested $75.00 against Plaintiff. (*See* Doc. 173 at 4, Doc. 173-2 at 4-5).

---

[3] The Undersigned notes that the invoice uses the case caption of the parties' prior lawsuit (case No. No. 2:14-cv-269-FTM-29CM) as the operative case number. (*See* Doc. 173-2 at 6). Given the date of the deposition, however, it is clear to the Undersigned that this is a scrivener's error and that the invoice relates to the instant lawsuit. Specifically, the prior lawsuit was closed on August 26, 2015, more than three years prior to the date of this deposition. *Compare Andrews v. Mike Scott*, No. 2:14-cv-269-FtM-29CM at Doc. 57, *with Andrews v. Marshall* No. 2:16-cv-814-FtM-SPC-MRM at (Doc. 173-2 at 4-6).

11

Third, as to the fee for the court reporter's attendance at Niralda Ilory's deposition, taken October 2, 2018, and for the transcript, the Undersigned finds the fee necessarily and reasonably incurred. Accordingly, the Undersigned recommends that Defendants be permitted to tax the requested $424.40 against Plaintiff. (*See* Doc. 173 at 5, Doc. 173-2 at 7-9).

Fourth, as to the fee for the court reporter's attendance at Dr. David Weldon's deposition, and for the transcript, the Undersigned finds the fee necessarily and reasonably incurred. Accordingly, the Undersigned recommends that Defendants be permitted to tax the requested $503.30 against Plaintiff. (*See* Doc. 173 at 5, Doc. 173-2 at 10-12).

Fifth, as to the fee for a copy of the transcript from Dr. Gaston Ponte's deposition, taken November 30, 2018, the Undersigned finds the fee necessarily and reasonably incurred. Accordingly, the Undersigned recommends that Defendants be permitted to tax the requested $203.90 against Plaintiff. (*See* Doc. 173 at 6, Doc. 173-2 at 18-20).

Sixth, as to the fee for the court reporter's attendance at Dr. Richard Unger's deposition, taken November 27, 2018, and for the transcript, the Undersigned finds the fee necessarily and reasonably incurred. Accordingly, the Undersigned recommends that Defendants be permitted to tax the requested $214.60 against Plaintiff. (*See* Doc. 173 at 6, Doc. 173-2 at 21-23).

Seventh, as to the fee for the court reporter's attendance at Dr. Barbara Freeman's deposition, taken April 17, 2019, and for the transcript, as well as the

transcripts of Linda Sundo and Mary Bradshaw's depositions, the Undersigned finds the fee necessarily and reasonably incurred. Accordingly, the Undersigned recommends that Defendants be permitted to tax the requested $1,173.90 against Plaintiff. (*See* Doc. 173 at 6-7, Doc. 173-2 at 24-26).

Accordingly, the Undersigned finds that Defendants should be permitted to tax $3,864.30 ($1,269.20 + $75.00 + $424.40 + $503.30 + $203.90 + $214.60 + $1,173.90 = $3,864.30) against Plaintiff for "[f]ees of the Court Reporter."

### C.   Fees for Witnesses

Included in the enumerated costs labeled as "[f]ees of the Court Reporter" are two requests for witness fees. (*See* Doc. 173 at 5-6). Specifically, Defendants request $1,500.00 for the deposition of Dr. Richard Unger, taken November 27, 2018, and $1,400.00 deposition of Dr. Gaston Ponte, taken November 30, 2018. (*Id.*). Plaintiff objects to the taxation of these costs, arguing that Defendants may only tax a total of $80.00 for witness fees. (Doc. 177 at 1-2 (citations omitted)).

The Undersigned notes that it is unclear from the briefing whether these individuals were deposed as expert or lay witnesses. (*See* Doc. 173 at 5-6). The Court need not resolve this issue, however, because the distinction between witness and expert witness is immaterial to the amount recoverable. *See Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983) (noting that expert witness fees cannot be assessed in excess of witness fees provided in 28 U.S.C. § 1821).

As noted in the Undersigned's previous Report and Recommendation – adopted by the presiding United States District Judge – although witness fees are

13

recoverable under 28 U.S.C. § 1920(3), the Eleventh Circuit has observed that "it is well settled that expert witness fees cannot be assessed in excess of witness fees provided in [28 U.S.C.] § 1821." *Id.* To that end, section 1821 allows for awards of witness fees up to $40.00 for each day a witness attends court, appears before a Magistrate Judge, or gives his or her deposition. *Taylor Indus. Constr., Inc. v. Westfield Ins. Co.*, No. 8:16-cv-2960-TSPF, 2020 WL 1873595, at *9 (M.D. Fla. Apr. 15, 2020) (citing 28 U.S.C. § 1821(a)(1)). Defendants have made no attempt to argue that the Eleventh Circuit's precedent should not apply. (*See* Doc. 173 at 5-6).

Thus, because Defendants' motion and the attached documentation show that the requested amounts are for the one-day deposition of Dr. Richard Unger and the one-day deposition of Dr. Gaston Ponte, (*see* Docs. 173 at 5-6; 173-2 at 13-17), Defendants may only tax a total of $80.00 – $40.00 per witness per day – against Plaintiff, *see Taylor Indus. Constr., Inc.*, 2020 WL 1873595, at *9; *see also Kivi*, 695 F.2d at 1289.

Accordingly, the Undersigned recommends that Defendants be permitted to tax $80.00 against Plaintiff for witness fees.

In sum, the Undersigned recommends that Defendants be permitted to tax $454.00 against Plaintiff for the "costs for service of subpoenas for depositions and employment records," $3,864.30 against Plaintiff for "[f]ees of the Court Reporter," and $80.00 against Plaintiff for witness fees, for a total amount of $4,398.30 ($454.00 + $3,864.30 + $80.00 = $4,398.30).

14

## CONCLUSION

Based upon the foregoing, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Defendants' Renewed Motion to Tax Costs (Doc. 173) be **GRANTED in part and DENIED in part** as follows:

    a. The motion be granted to the extent Defendants be awarded $454.00 in fees for service;

    b. The motion be granted to the extent Defendants be awarded $3,864.30.00 in fees of the Court Reporter;

    c. The motion be granted to the extent Defendants be awarded $80.00 for witness fees;

    d. The Clerk of Court be directed to enter a cost judgment for Defendants Brandon Marshall, Robert Kizzire, and Sheriff Carmine Marceno, in his official capacity as Lee County Sheriff;

    e. The motion be denied to the extent it seeks any greater or different relief.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on August 16, 2021.

Mac R. McCoy
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. A party wishing to respond to an objection may do so in writing fourteen days from the filing date of the objection. The parties are warned that the Court will not extend these deadlines. To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties